**SCOTT D. HUGHES, APLC**
Scott D. Hughes, Esq. (Bar No. 253611)
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Telephone:  (714) 423-6928
Facsimile:   (714) 845-0030
E-mail: scott@scotthugheslaw.com

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Melanie T. Partow, Esq. (Bar No. 254843)
mpartow@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL AGUILAR, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. §1983);** |
| CITY OF POMONA; and AUSTIN DOSSEY, an individual, and DOES 1-10, inclusive, | **2. Unreasonable Search and Seizure - Excessive Force (42 U.S.C. §1983);** |
| Defendants. | **3. Unreasonable Search and Seizure - Denial of Medical Care (42 U.S.C. § 1983); and** |
| | **4. Municipal Liability (42 U.S.C. § 1983).** |
| | **DEMAND FOR JURY TRIAL** |

1

COMES NOW, Plaintiff DANIEL AGUILAR, an individual, for his complaint against Defendants CITY OF POMONA, Officer AUSTIN DOSSEY, and Does 1-10, inclusive, and alleges as follows:

## **INTRODUCTION**

1.     This civil rights action seeks compensatory and punitive damages, costs, and attorneys' fees from Defendants for violating various rights under the United States Constitution in connection with the December 6, 2015 shooting of Plaintiff Daniel Aguilar by City of Pomona Police Officer Austin Dossey.

## **PARTIES**

2.     At all relevant times, DANIEL AGUILAR ("PLAINTIFF") is an individual residing in the County of Los Angeles.

3.     At all relevant times, Defendant CITY OF POMONA ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants AUSTIN DOSSEY ("DOSSEY") and DOES 1-4, who were CITY Police Officers, DOES 5-6, who were CITY Police Officers' supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the CITY Police Department. On information and belief, at all relevant times, DOSSEY and DOES 1-10 were residents of Los Angeles, California. DOSSEY and DOES 1-10 are sued in their individual capacity for damages only.

4.     At all relevant times, Defendants DOSSEY and DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

5.     At all relevant times, Defendants DOSSEY and DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

6.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOSSEY and DOES 1-10 were acting on the implied and actual permission and

1    consent of CITY.

2        7.     At all times mentioned herein, each and every CITY defendant was the agent

3 of each and every other CITY defendant and had the legal duty to oversee and supervise the

4 hiring, conduct and employment of each and every CITY defendant.

5        8.     The true names of defendants DOES 1 through 10, inclusive, are unknown to

6 Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiffs will seek

7 leave to amend this complaint to show the true names and capacities of these defendants

8 when they have been ascertained.  Each of the fictitious named defendants is responsible in

9 some manner for the conduct and liabilities alleged herein.

10                       **JURISDICTION AND VENUE**

11        9.     This civil action is brought for the redress of alleged deprivations of

12 constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth

13 and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28

14 U.S.C. §§ 1331, 1343, and 1367.

15        10.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants

16 reside in, and all incidents, events, and occurrences giving rise to this action occurred in Los

17 Angeles County, California.

18             **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19        11.    PLAINTIFF repeats and realleges each and every allegation in paragraphs 1

20 through 10 of this Complaint with the same force and effect as if fully set forth herein.

21        12.    On or about December 6, 2015, Daniel Aguilar was lawfully seated as a

22 passenger inside of a vehicle being pursued by police, in the City of Pomona, California.

23        13.    At or near the 800 block of S. Buena Vista Ave., PLAINTIFF exited the

24 vehicle and DOSSEY discharged his firearm at PLAINTIFF.  At the time of the shots,

25 PLAINTIFF was unarmed and posed no immediate threat of death or serious bodily injury to

26 anyone.  PLAINTIFF had committed no crime, was not in the process of committing any

27 crime, and was not about to commit any crime.  PLAINTIFF had not physically or verbally

28 threatened anyone and did not attempt to punch, kick, or otherwise strike anyone.  When

Defendant DOSSEY intentionally discharged his firearm at PLAINTIFF, DOSSEY struck PLAINTIFF at least once in the back, causing PLAINTIFF serious physical and emotional injuries.

14.     At the time of the shooting, DOSSEY was not in danger of being struck by the vehicle or by PLAINTIFF.

15.     After PLAINTIFF had been shot at least one time, Defendant DOSSEY and DOES 1-4 punched and kicked PLAINTIFF, including strikes to both PLAINTIFF'S head and body.  As a result of these strikes, PLAINTIFF suffered further severe physical and emotional injuries.

16.     As a result of being shot at least one time, PLAINTIFF was unable to defend himself against these punches and kicks.

17.     After being shot at least one time by DOSSEY, PLAINTIFF was bleeding profusely. Despite PLAINTIFF's obvious serious injuries, DOSSEY and other officers handcuffed PLAINTIFF and did not timely summon medical attention for PLAINTIFF.  It was apparent to DOSSEY and DOES 1-4 that PLAINTIFF'S injuries were serious, that he needed immediate medical care, and that the failure to provide immediate medical care and / or the failure to timely summon medical care for PLAINTIFF would cause PLAINTIFF further pain and suffering and cause him further serious injury.

18.     It was practicable for DOSSEY to issue a warning that deadly force would be used before he shot PLAINTIFF, yet no such warning was issued.

19.     There were alternative less than lethal options available to DOSSEY and DOES 1-4 to take Plaintiff into custody other than resorting to the use of deadly force.

20.     On information and belief, the City of Pomona Police Department vehicles are equipped with dashboard cameras that recorded part or all of this shooting.

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(against Defendants AUSTIN DOSSEY and DOES 1-4)

21.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1

through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.     The Fourth Amendment to the United States Constitution protects the rights of all persons to be free from unlawful detention and arrest, including detentions without reasonable suspicion, arrest without probable cause, and seizures that are unreasonable in their manner and scope.  Persons are granted a private right of action to sue for violations of their constitutional rights via 42 U.S.C. §1983.

23.     The detention and arrest of PLAINTIFF by DOSSEY and DOES 1-4 was without reasonable suspicion or probable cause, as there were no specific articulable facts to believe that PLAINTIFF had committed, was committing, or was about to commit a crime. Also, the scope and manner of seizing PLAINTIFF was unreasonable and unlawful under the circumstances.  By committing the foregoing acts, DOSSEY and DOES 1-4 violated PLAINTIFF'S Fourth Amendment right to be free from unlawful detention and arrest.

24.     As a result of the unlawful detention and arrest, PLAINTIFF suffered serious physical and emotional injuries, including, but not limited to, a deprivation of his liberty and sustaining at least one gunshot wound and other injuries.

25.     DOSSEY and DOES 1-4 are also liable for PLAINTIFF's injuries either because they were integral participants in the unlawful detention and / or arrest and / or because they failed to intervene to prevent the violation.

26.     The conduct of Defendants DOSSEY and DOES 1-4 was willful, wanton, malicious and done with a reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages against them.

27.     Accordingly, Defendants DOSSEY and DOES 1-4 each are liable to PLAINTIFF for compensatory and punitive damages under 42 U.S.C. §1983.

28.     Plaintiff also seeks attorney fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(against Defendants DOSSEY and DOES 1-4)

29.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1

through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. The Fourth Amendment to the U.S. Constitution, which is applied to state actors by the Fourteenth Amendment, guarantees all individuals the right to be free from excessive force by law enforcement. 42 U.S.C. § 1983 Provides a private right of action to individuals seeking redress for excessive force.

31. Defendants DOSSEY and DOES 1-4 used excessive force against PLAINTIFF in the course of unlawfully detaining and / or arresting him, including but not limited to, shooting him at least once and then striking him in his body and head.

32. PLAINTIFF was unarmed, never threatened to harm anyone, never attempted to punch, kick, or otherwise strike anyone, and did not pose an immediate threat of death or serious bodily injury at the time of the use of force.

33. As a result of the use of excessive force, PLAINTIFF was seriously injured and suffered extreme pain and suffering.

34. DOSSEY and DOES 1-4 are also liable for PLAINTIFF's injuries either because they were integral participants in excessive force and / or because they failed to intervene to prevent the violation.

35. The conduct of Defendants DOSSEY and DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOSSEY and DOES 1-4.

36. PLAINTIFF also seeks attorney's fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOSSEY and DOES 1-4)

37. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38. The Fourth Amendment to the U.S. Constitution, which is applied to state actors by the Fourteenth Amendment, guarantees all individuals the right to adequate

medical care for injuries sustained in the course of being apprehended by law enforcement. 42 U.S.C. § 1983 Provides a private right of action to individuals seeking redress for a violation of that right.

39.     Defendants DOSSEY and DOES 1-4 knew or had reason to know that PLAINTIFF was seriously injured after he was shot at least one time by DOSSEY and after he suffered blows to his body and head at the hands of DOSSEY and DOES 1-4.  DOSSEY and DOES 1-4 violated PLAINTIFF'S right to adequate medical care by failing to provide basic care as first responders to PLAINTIFF after he sustained these injuries and/or by failing to timely summon medical care for PLAINTIFF.  The failure to provide medical care and failure to timely summon medical aid for PLAINTIFF caused PLAINTIFF to suffer additional pain and suffering and serious physical injury.

40.     DOSSEY and DOES 1-4 are also liable for the denial of medical care and failure to timely summon medical aid either because they were integral participants in the constitutional violation and / or because they failed to intervene to prevent the violation.

41.     The conduct of Defendants DOSSEY and DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOSSEY and DOES 1-4.

42.     PLAINTIFF also seeks attorney's fees and costs under this claim.

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against Defendants CITY and DOES 5-10)**

43.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

*Ratification*

44.     On information and belief, Defendants DOSSEY and DOES 1-4's use of excessive force against PLAINTIFF, who was unarmed at the time of the shooting and who never attempted to threaten or strike anyone, violated PLAINTIFF'S Fourth Amendment

rights.

45.     Defendants DOSSEY and DOES 1-4's use of excessive force against PLAINTIFF was found to be within or consistent with City of Pomona Police Department's policies concerning the use of force.

46.     On information and belief, Defendant City Police Department's supervisorial and policy making officers approved of Defendants DOSSEY and DOES 1-4's unconstitutional use of force against PLAINTIFF.

47.     On information and belief, Defendants DOSSEY and DOES 1-4 were not terminated, re-trained, or otherwise disciplined or subject to any corrective action for their use of excessive force against PLAINTIFF.

48.     On information and belief, final policymakers DOES 5-10 ratified the acts and failures to act by DOSSEY and DOES 1-4, that is, DOES 5-10 knew of and specifically made a deliberate choice to approve the acts and failures to act by DOSSEY and DOES 1-4 and the basis for it.

*Failure to Train*

49.     On information and belief, the training policies of the Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal, such as vehicle pursuits, vehicle stops, detentions and arrests, and the use of force, and were not adequate concerning the use of deadly force.

50.     On information and belief, the Defendant CITY was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately concerning the use of deadly force.

51.     On information and belief, the failure of the Defendant CITY to provide adequate training caused the deprivation of the PLAINTIFF'S rights by DOSSEY and DOES 1-4; that is, the CITY'S failure to train is so closely related to the deprivation of the PLAINTIF'S rights as to be the moving force that caused the ultimate injury.

*Unconstitutional Policy and Custom*

52.     On information and belief, the use of excessive force against PLAINTIFF by

DOSSEY and DOES 1-4 was done pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the Defendant CITY of excessive deadly force by its officers without retraining, discipline or termination.  This widespread or longstanding practice or custom has created a culture of impunity within the City of Pomona Police Department, which has: directly resulted in an increase in the number of incidents of excessive force by Pomona Police Department Officers; and led to lack of sufficient regard by Pomona Police Officers for the sanctity of life and a departure by City of Pomona Police Officers from the use of deadly force as a last resort, in the direst of circumstances, when all reasonable alternatives have been exhausted, and only in immediate defense of death or serious bodily injury.

53.     Defendant CITY's official policy or widespread or longstanding practice or custom caused the deprivation of the PLAINTIFF'S rights by DOSSEY and DOES 1-4; that is, the [name of local governing body]'s official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

54.     By reason of the aforementioned policies and practices of Defendant CITY and DOES 5-10, PLAINTIFF was severely injured and subjected to pain and suffering.

55.     Defendants DOES 5-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situated.

56.     Accordingly, CITY and Defendants DOES 5-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

57.     PLAINTIFF also seeks attorney's fees and costs under this claim.

///

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF requests entry of judgment in his favor and against Defendants City of Pomona, Austin Dossey and Does 1-10, inclusive, as follows:

A.   For compensatory damages under federal and state law, in the amount to be proven at trial;

B.   Past and Future Medical Expenses;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For interest;

E.   For reasonable costs of this suit and attorneys' fees; and

F.   For such further other relief as the Court may deem just, proper, and appropriate.


DATED:  November 21, 2017

SCOTT D. HUGHES, APLC
LAW OFFICES OF DALE K. GALIPO


/s Melanie T. Partow
SCOTT D. HUGHES
DALE K. GALIPO
MELANIE T. PARTOW
*Attorneys for Plaintiff*

1

## **DEMAND FOR JURY TRIAL**

2

3          Plaintiff hereby demands a trial by jury.

4

5   DATED:  November 21, 2017          _____
                                       SCOTT D. HUGHES, APLC
6                                      LAW OFFICES OF DALE K. GALIPO

7                                      /s Melanie T. Partow
                                       _____
8                                      SCOTT D. HUGHES
                                       DALE K. GALIPO
9                                      MELANIE T. PARTOW
                                       *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11